# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH R. HEDDLESTEN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-11-430-M |
| ) | |
| JUSTIN JONES, DIRECTOR, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner Kenneth R. Heddlesten challenges the constitutionality of his state court conviction. Respondent has not addressed the merits of the Petition. Rather, Respondent has moved for dismissal (*see* Doc. ##8-9), contending the Petition is a mixed petition and should be dismissed on grounds Petitioner has failed to exhaust his state court remedies for all his claims prior to bringing this federal habeas action. Petitioner has filed a response to the Motion (*see* Doc. #13), and the matter is at issue. For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted. It is further recommended that Petitioner be afforded the opportunity to file an amended petition asserting only claims that have been exhausted in state court.

## I.  Background and Case History

Petitioner was convicted, pursuant to a *nolo contendere* plea, of two counts of Child Sexual Abuse, Case No. CF-2009-51, District Court of Caddo County, State of Oklahoma. Petitioner was sentenced to consecutive terms of thirty years imprisonment on each count,

with the sentence on Count 2 suspended and with a five-year term of supervised probation following his release from confinement. *See* Brief in Support of Motion to Dismiss [Doc. # 9], Exhibit 2, Plea of No Contest Summary of Facts Form, and Exhibit 3, Judgment and Sentence.

Petitioner moved to withdraw his plea and thereafter timely filed a writ of certiorari to the Oklahoma Court of Criminal Appeals (OCCA). Petitioner raised a single ground for relief on certiorari. He claimed he should be allowed to withdraw his plea because he had not been advised of the full range of punishment. Specifically, Petitioner claimed the trial court erred by failing to advise him that he was subject to a minimum of three years of post-imprisonment supervision under Oklahoma law. In a Summary Opinion dated January 20, 2011, the OCCA denied relief and held: "We find no credible evidence that the trial court's failure to advise him of the term of supervised probation in Count 2 could have had any effect on Appellant's decision to enter his plea of no contest." *See* Response, Exhibit 9, OCCA Summary Opinion Denying Writ of Certiorari.

Petitioner then filed the instant federal habeas action on April 19, 2011. He raises two grounds for relief. In Ground One, Petitioner brings the same claim raised on certiorari to the OCCA seeking the right to withdraw his plea because he was not advised of the full range of punishment. In Ground Two, Petitioner brings ineffective assistance of counsel claims. He claims trial counsel was ineffective for failing to advise him of the "statutorily mandated supervision" under Oklahoma law. He further claims appellate counsel was ineffective for not raising the issue of ineffective assistance of trial counsel on direct appeal. Petitioner

2

acknowledges in the Petition that he did not exhaust in the state courts the claims raised in Ground Two of the Petition. *See* Petition at electronic page 11.

Respondent seeks dismissal of the Petition on grounds Petitioner has not exhausted the claim raised in Ground Two of the Petition and, therefore, the Petition is a "mixed petition" – one containing both exhausted and unexhausted claims.

**II. Analysis**

"Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies – that is, unless doing so would be futile because of an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (internal citations and quotations omitted). A review of the record presented, including the statements set forth in the Petition, clearly establishes that the claims raised in Ground Two of the Petition have not been exhausted in the state courts. In his Response [Doc. #13], Petitioner does not refute that these claims are unexhausted. Instead, he requests, in the alternative, that he be allowed to proceed with his unexhausted claims, or that he be allowed to submit an amended petition raising only the exhausted claim. *See* Response at 8-9.

Where, as here, a habeas petition contains both exhausted and unexhausted claims, the petition is a mixed petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir. 1995). When faced with a mixed petition, a federal district court may do one of four things: (1) dismiss the mixed petition in its entirety; (2) stay

the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit. *Fairchild v. Workman*, 579 F.3d at 1156.

In this case, dismissal of the Petition in its entirety is the most appropriate disposition. If Petitioner were to choose to amend his petition and raise only the exhausted claim, he may forfeit future consideration of his unexhausted claims. *Rose*, 455 U.S. at 520-21; *see also Brown v. Shanks*, 185 F.3d 1122, 1125 n.4 (10th Cir. 1999). For reasons discussed below, Petitioner has not demonstrated a stay and abeyance is warranted under the circumstances of this case. And, the exhaustion requirement should not be ignored altogether because the record before the Court is not sufficiently developed to allow determination as to whether Petitioner's claims have any merit.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized that a stay and abeyance should be available "only in limited circumstances," when the petitioner has good cause for his failure to exhaust, when his unexhausted claims are potentially meritorious, and when there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-278. But in *Rhines*, the Court was primarily concerned with dismissal of mixed petitions in cases where the dismissal occurs after expiration of the one-year limitations period governing federal habeas claims, *see* 28 U.S.C. § 2244(d), or where the dismissal occurs close to the end of the one-year period. *Id*. at 277. In those

4

circumstances, the statute of limitations might preclude the petitioner from returning to federal court following exhaustion of state remedies.

Petitioner has not demonstrated a stay is warranted by addressing the appropriate *Rhines* factors. Significantly, the one-year limitations period has not expired. *See* 28 U.S.C. § 2244(d)(1)(A). Without conducting any analysis of the limitations issue, the Court notes the OCCA Summary Opinion was filed on January 20, 2011. Therefore, the recommended dismissal of the instant petition does not come at a time after the expiration of the limitations period or close to the end of the one-year period.[1] For these reasons, a stay and abeyance would not be proper.

Moreover, by acting diligently, Petitioner can file an application for post-conviction relief in the state district court before his federal limitations period expires.[2] A properly filed application for state post-conviction relief tolls the federal limitation period. *See* 28 U.S.C. §2244(d)(2). Upon exhaustion of his state court remedies, Petitioner can take advantage of statutory tolling and file a petition for habeas relief in this Court presenting all his claims.

In sum, it is recommended that the Petition be dismissed in its entirety so that Petitioner may return to state court to exhaust the claims raised in Ground Two. If Petitioner

---

[1] Petitioner is reminded, nonetheless, that the limitations period is not tolled during the time the instant federal habeas petition has been pending in this Court. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").

[2] As Respondent notes, under Oklahoma law Petitioner could file an application for post-conviction relief in Case No. CF-2009-51 and raise the unexhausted claims set forth in Ground Two. *See* Respondent's Brief at 5-6 (citing cases).

does not choose to present the unexhausted claims to the state courts, then it is recommended that he be afforded the opportunity to amend his Petition to omit the unexhausted claims raised in Ground Two of the Petition and proceed only with the claim raised in Ground One.

## III. Petitioner's Motion for Appointment of Counsel

Petitioner has filed a Motion to Appoint Counsel [Doc. #3]. There is no constitutional right to counsel in a habeas corpus proceeding. *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Rather, appointment of counsel in habeas corpus proceedings is generally left to the discretion of the trial court. *Id*.

Petitioner has demonstrated adequate ability to present his claims and to address Respondent's exhaustion defense. Accordingly, in the exercise of its discretion, the Court denies Petitioner's application for appointment of counsel at this time.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. ##8-9] be granted. It is further recommended that Petitioner be allowed 21 days to amend his habeas petition to omit the unexhausted claim. If Petitioner does not choose to amend his petition within that time period, then it is recommended that this case be dismissed without prejudice. Finally, it is recommended that Petitioner's Motion to Appoint Counsel [Doc. #3] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August __5th__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this

Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

DATED this __15th__ day of July, 2011.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE