IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH R. HEDDLESTEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-11-430-M |
| | ) |
| JUSTIN JONES, DIRECTOR, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction. He has since filed a Motion to Dismiss [Doc. No. 37] seeking to voluntarily dismiss the action without prejudice. Respondent did not object. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C), and it is recommended that Petitioner's Motion to Dismiss be granted.

I. Procedural History

Petitioner filed a Petition [Doc. No. 1] and the court granted Respondent's Motion to Dismiss [Doc. No. 8] on grounds that the Petition included both exhausted and unexhausted claims. *See* Doc. Nos. 14, 18. Petitioner thereafter filed an Amended Petition [Doc. No. 15] including only the exhausted claim and Respondent filed a Response [Doc. No. 20].

Before the court could address the Response, Petitioner sought permission to amend again to add new and unexhausted claims and requested waiver of the exhaustion

requirement on those claims. *See* Doc. Nos. 30, 32, 34. Petitioner stated that it was not his intent to "bypass the state courts" and "[i]f it is futile for me to attempt to amend or supplement my petition, I pray I would be allowed to withdraw without prejudice." Doc. No. 34. The court denied Petitioner's motions to supplement the Amended Petition with unexhausted claims and ordered him to clarify whether he was seeking dismissal without prejudice of the entire action. *See* Doc. No. 36. In answer, Petitioner filed the instant Motion to Dismiss.

II. <u>Analysis</u>

Because Respondent has filed a Response, Petitioner's Motion to Dismiss is governed by Fed. R. Civ. P. 41(a)(2). This rule authorizes the voluntary dismissal of a cause of action, but only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Generally, a dismissal under Rule 41(a)(2) is addressed to the sound discretion of the court and the motion is granted unless the opposing party will suffer legal prejudice. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *see also Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41(a)(2) to a petitioner's motion to voluntarily dismiss his habeas petition).

Petitioner has explained that he wishes to dismiss in order to fully exhaust his claims in state court[1] and when given an opportunity to object to Petitioner's Motion to Dismiss,

---

[1] Petitioner has been twice reminded that the statute of limitations is running and that his present habeas petition would not qualify for statutory tolling. *See* Doc. No. 14, p. 5, note 1; Doc. No. 36, p. 3, note 1.

Respondent declined to do so. In that light, the undersigned finds that Petitioner's Motion to Dismiss should be granted and the Amended Petition be dismissed without prejudice.

The parties are advised of their right to object to this Report and Recommendation by September 20, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 31st day of August, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE